# EXHIBIT A

7 CIT /CERT MAIL / JURY DEMAND

FILED
7/14/2020 12:55 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Irasema Sutherland DEPUTY

Case 3:20-cv-02180-M   Document 1-1   Filed 08/17/20   Page 2 of 59   PageID 6

CAUSE NO. DC-20-09553 _____

|  |  |
|---|---|
| **VIVIAN LOGAN,** | |
| **PLAINTIFF,** | **IN THE DISTRICT COURT** |
| **VS.** | |
| **METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, GENAMERICA FINANCIAL CORPORATION, METROPOLITAN TOWER LIFE INSURANCE COMPANY, GENERAL AMERICAN LIFE INSURANCE COMPANY, GENERAL LIFE INSURANCE COMPANY AND GENERAL LIFE INSURANCE COMPANY OF AMERICA,** | **116TH ___ JUDICIAL DISTRICT**  **DALLAS COUNTY, TEXAS** |
| **DEFENDANTS.** | |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, Vivian Logan ("Plaintiff"), complaining of MetLife, Inc., Metropolitan Life Insurance Company, GenAmerica Financial Corporation, Metropolitan Tower Life Insurance Company, General American Life Insurance Company, General Life Insurance Company, and General Life Insurance Company of America (collectively, "Defendants") and would show the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

1.      Discovery in this matter is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190.

## II.
## PARTIES

2.        Plaintiff Vivian Logan is a resident of Fort Worth, Tarrant County, Texas.

3.        Defendant MetLife, Inc. ("MetLife, Inc."), is a Delaware Corporation, doing business and transacting business of insurance throughout the State of Texas and is, amongst other things, a publicly held insurance holding company which directly or indirectly owns, manages, and controls insurance companies, including Defendants Metropolitan Life Insurance Company, GenAmerica Financial Corporation, Metropolitan Tower Life Insurance Company, General American Life Insurance Company, General Life Insurance Company, and General Life Insurance Company of America. MetLife, Inc., will be served with citation pursuant to TRCP 106 by registered or certified mail addressed to its Registered Agent: The Corporation Trust Company, 1209 N. Orange Street, Wilmington, Delaware, 19801.

4.        Defendant Metropolitan Life Insurance Company ("MLIC") is a New York Corporation, doing business and transacting business of insurance throughout the State of Texas and is, amongst other things, a wholly-owned subsidiary and/or affiliate of MetLife, Inc. MLIC owns, manages, and controls other insurance companies, including Defendants GenAmerica Financial Corporation, Metropolitan Tower Life Insurance Company, General American Life Insurance Company, General Life Insurance Company, and General Life Insurance Company of America. MLIC will be served with citation pursuant to TRCP 106 by registered or certified mail addressed to its Registered Agent: CT Corporation System, 28 Liberty St., New York, New York, 10005.

5.        Defendant GenAmerica Financial Corporation ("GAFC") was a New York Corporation, doing business and transacting business of insurance throughout the State of Texas and was, amongst other things, a wholly-owned subsidiary and/or affiliate of MetLife, Inc.

and/or MLIC. Plaintiff is informed and believes that at some time prior to the filing of this action, GAFC merged with MetLife, Inc. and/or MLIC. GAFC will be served with citation pursuant to TRCP 106 by registered or certified mail addressed to its Registered Agent: The Corporation Trust Company, 1209 N. Orange Street, Wilmington, Delaware, 19801.

6.      Defendant Metropolitan Tower Life Insurance Company ("Met Tower") is domiciled in Nebraska, and is engaged in business involving the sale and administration of life insurance and conducts business and does business throughout the State of Texas and is, amongst other things, a wholly-owned subsidiary and/or affiliate of MetLife, Inc., MLIC and/or GAFC. Met Tower owns, manages, and controls insurance companies, including Defendant General American Life Insurance Company. Plaintiff is informed and believes that in or about 2018, Met Tower merged with, absorbed, or otherwise assumed responsibility for policies sold by Defendant General American Life Insurance Company. Met Tower will be served with citation pursuant to TRCP 106 by registered or certified mail addressed to its Registered Agent: CT Corporation System, 5601 South 59th Street, Lancaster County, Lincoln, Nebraska 68516.

7.      Defendant General American Life Insurance Company ("GALIC") was a Missouri corporation with its principal place of business located at 12222 Merit Drive, Dallas, Dallas County, Texas.[1] GALIC conducted business and did business throughout the State of Texas and is, amongst other things, a wholly-owned subsidiary and/or affiliate of MetLife, Inc., MLIC, GAFC, and/or Met Tower. Plaintiff is informed and believes that in or about 2002, GALIC merged with, absorbed, or otherwise assumed responsibility for policies sold by Defendant General Life Insurance Company. GALIC will be served with citation pursuant to

---

[1] Plaintiff is informed and believes that GALIC maintained its principal place of business at 12222 Merit Drive, Dallas, Dallas County, Texas, at all material times described herein.

TRCP 106 by registered or certified mail addressed to its <u>Registered Agent: CT Corporation</u> <u>System, 5601 South 59th Street, Lancaster County, Lincoln, Nebraska 68516.</u>

8.     Defendant <u>General Life Insurance Company</u> ("GLIC") was a life insurance company domiciled in Texas that was licensed and engaged in the business of selling life insurance and annuities throughout the State of Texas and is, amongst other things, the company that sold the insurance policy made basis of this action. GLIC is a wholly-owned subsidiary and/or affiliate of MetLife, Inc., MLIC, GAFC, Met Tower, and/or GALIC. Plaintiff is informed and believes that some time prior to the filing of this action, GLIC merged with GALIC. GLIC will be served with citation pursuant to TRCP 106 by registered or certified mail addressed to its <u>Registered Agent: Robert E. Jackson, 12222 Merit Drive, Ste. 1260 LB 36, Dallas, Dallas</u> <u>County, Texas, 75251.</u>

9.     Defendant <u>General Life Insurance Company of America</u> ("GLICA") was a life insurance company domiciled in Illinois that conducted business and did business throughout the State of Texas. Plaintiff is informed and believes that at some time prior to the filing of this action, GLICA merged with GLIC. GLICA will be served with citation pursuant to TRCP 106 by registered or certified mail addressed to <u>its Registered Agent: Robert E. Jackson, 12222 Merit</u> <u>Drive, Ste. 1200, Dallas, Dallas County, Texas, 75251.</u>

10.     Plaintiff is informed and believes that now and at all times described herein each Defendant was the actual, apparent, ostensible, or by estoppel agent of each of the other Defendants and was acting and is acting within the course and scope of such agency, so as to make each Defendant liable for the actionable conduct of the other.

### III.
### JURISDICTION AND VENUE

11.     This Court has jurisdiction over the claims made herein pursuant to the laws and Constitution of the State of Texas.

12.     Venue is proper in Dallas County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(3) and 15.005.

### IV.
### RULE 47 STATEMENT

13.     The damages sought are within the jurisdictional limits of the court.

14.     Plaintiff seeks monetary relief over $200,000, but not more than $1,000,000.

15.     Plaintiff seeks judgment for all other relief to which the Court and jury deem Plaintiff entitled.

### V.
### FACTS

16.     Plaintiff Vivian Logan is the surviving spouse of Dr. James A. Logan ("Dr. Logan" and/or "Insured"). At all times herein, Plaintiff was the wife of the Insured, the primary express beneficiary of the Policy described herein, and the individual from whom benefits of the Policy have been withheld by Defendants.

17.     In July 1999, Dr. Logan purchased a term life insurance policy from GLIC described as a *Level Benefit Term Life Insurance Annually Renewable to Age 95 With Premium Adjustment Provision* (the "Policy"), with a face amount of $200,000, attached hereto as "Exhibit A." The "Initial Term" of the Policy was one year beginning on July 22, 1999 and

running until July 21, 2000, after which time the Policy renewed each successive year upon payment of an annual premium.[2]

18.     The Policy included a *Premium Guarantee Rider* provision which guaranteed a fixed annual premium of $2,216, which was auto-debited from the Logan's bank account in monthly installments each year until on or about June 2017.

19.     On or about July 2017, Defendants, without notifying the Logans, attempted to increase the annual premium on the Policy from $2,216 per year, to more than $16,800 per year. Defendants never notified the Logans of this new premium amount, nor or of their intent to increase the premium by more than 750%. The Logans' only notification of the Policy premium increase was from an "insufficient funds" notice from their bank when Defendants' attempted to debit the Logans' account for the higher premium.

20.     Defendants' escalation of the annual premium was a clear violation under the terms of the Policy which required the Defendants to provide proper notice of 1) the amount payable on the annual premium for each renewal year; and 2) proper notice of any premium change made on the Policy. Specifically, the *Premium Adjustment Provision* of the Policy states in part:

> We [General Life Insurance Company] will determine the renewal premiums for this policy each year. We may change the current premium, as shown in the Schedule of Current Premiums, up or down when future expectations regarding such factors as investment earnings, mortality, persistency and expenses have changed. . . . ***We will notify you of the premium before the start of each renewal year***. Any ***premium change*** made on this policy will have no effect on any other riders attached to the policy. ***Such***

---

[2] Upon information and belief, GLIC's rights and obligations under the Policy were ultimately transferred to or acquired by the Defendants at various times between July 1999 and the death of Dr. Logan on August 1, 2019.

> ***changes will be filed with the insurance supervisory official of
> the state which governs your policy***. [emphasis added].

Ex. A at p. 4. Defendants did not provide any notice required by this provision.

21.     Defendants were required to provide notice of the premium amount to the Insured *before* the commencement of each renewal year, *i.e.*, on or before July of each given year. Upon information and belief, Defendants did not provide this required notice. As such, the Logans were wholly unaware of Defendants' intention to increase the Policy's annual premium by more than $15,000—which the Logans could not afford—for the Policy year beginning in July 2017. Thus, the Policy lapsed. Had the Logans been notified of the annual premium amount (and impending increase), they would have been able to utilize the "re-entry privilege" provision in the Policy that allowed for the Insured to "apply for a new policy of a comparable plan" in the event of a change or increase in the annual premium. Ex. A at p. 6. Defendants' failure to provide this critical notice was a cause of the Policy's lapse and a breach of the Policy's terms.

22.     Moreover, Defendants' attempt to increase the annual premium from $2,216 to more than $16,800 a year, was clearly a "premium change" as defined under the terms of the *Premium Adjustment Provision* which required Defendants to file or record this change with the insurance supervisory official of the State of Texas, *i.e.*, the Texas Department of Insurance. Defendants failed to provide this requisite notice with the state. This was also a breach of the terms of the Policy agreement.

23.     James Logan passed away on August 1, 2019. As a result of Defendants' violations and multiple breaches of the terms of the Policy, Plaintiff, as the sole beneficiary, was deprived of the death benefit of at least $200,000 upon the death of her husband and Insured, Dr. Logan.

## VI.
## CAUSES OF ACTION

### COUNT 1: BREACH OF CONTRACT

24.    The Policy constitutes a valid, enforceable contract under the laws of the State of Texas.

25.    Plaintiff is a proper party to sue for Defendants' breaches of the terms of the Policy. As detailed, Plaintiff is the surviving spouse of the Insured and at all times material hereto was listed under the Policy as the sole primary express beneficiary entitled to receive the death benefit proceeds upon the death of the Insured.

26.    The Plaintiff and the Insured performed, tendered performance of, or were excused from performing their contractual obligations under the Policy. Plaintiff and Insured did perform their obligations under the Policy by timely paying the annual premium payments of $2,216 for more than eighteen years until on or about June 2017 when Defendants' breached the terms of the Policy.

27.    Defendants' breached the Policy by, *inter alia*, failing to provide proper notice to the Insured and Plaintiff of the premium amount for each renewal year and for failing to provide proper notice—filed, recorded, or otherwise—of the change in premium amount with the Texas Department of Insurance.

28.    Defendants' failure to provide these required notices constituted breaches of the Policy terms which caused the Policy to lapse thereby injuring Plaintiff and depriving her of the benefit of at least $200,000 upon the death of her husband, the Insured.

### COUNT 2: ATTORNEYS' FEES

29.    Plaintiff seeks recovery of attorneys' fees and expenses against each Defendant incurred in the prosecution and defense of this proceeding pursuant to Tex. Civ. Prac. Rem.

Code, § 38.001, *et. seq*.

## VII.
## REQUEST FOR A JURY TRIAL

30.     Plaintiff requests a jury trial and has tendered the appropriate fee.

## VIII.
## REQUESTS FOR DISCLOSURE

31.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon a final trial of this cause Plaintiff receives judgment against each Defendant for damages as sought herein including, but not limited to:

a.     all actual damages to which Plaintiff may be entitled;

b.     all reasonable damages to Plaintiff proximately caused by Defendants' breaches;

c.     attorneys' fees;

d.     prejudgment interest at the highest rate allowed by law from the earliest time allowed by law;

e.     interest on judgment at the highest legal rate from the date of judgment until collected;

f.     costs of Court; and

g.     all such other and further relief, general or special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

Stephen F. Malouf
  Texas Bar No. 12888100
Jonathan Nockels
  Texas Bar No. 24056047
  jnockels@smalouf.com
Taylor Adams
  Texas Bar No. 24096595
  tadams@smalouf.com
**MALOUF & NOCKELS LLP**
6688 N. Central Expy.
Suite 1050
Dallas, Texas 75206
214-969-7373 (Telephone)
214-969-7648 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

**POLICY NUMBER:**

TL0014603H

**INSURED:**

DR JAMES A LOGAN

### LEVEL BENEFIT TERM LIFE INSURANCE
### ANNUALLY RENEWABLE TO AGE 95
### WITH PREMIUM ADJUSTMENT PROVISION

#### Non-Participating

Face amount payable at death of insured prior to expiration of initial or renewal term.  Renewable to age 95 without evidence of insurability.  Premiums payable until the end of initial or renewal term, or until prior death of the insured.

### RIGHT TO EXAMINE POLICY

You may return this policy within twenty days after receiving it. It may be delivered or mailed to us or the agent through whom it was purchased.  The policy will then be deemed void from the start. Any premium paid will be returned.

This policy is a legal contract between the policyowner and General Life.  PLEASE READ YOUR CONTRACT CAREFULLY.  This cover sheet provides only a brief outline of some of the important features of your policy.  This cover sheet is not the complete insurance contract and only the actual policy provisions will control.  The policy itself sets forth, in detail, the rights and obligations of both you and your insurance company**IT IS THEREFORE IMPORTANT THAT YOU READ YOUR POLICY**

Signed for General Life Insurance Company at its Home Office, Edwardsville, Illinois  62025. (1-618-659-9510)

William L. Hutton

Michael E. Conley

**SECRETARY**

**PRESIDENT AND CEO**

7000442
(10/98)

(G-18)

# ALPHABETIC GUIDE TO YOUR CONTRACT

Page
6.01  Assignments
6.01  Beneficiary
6.01  Change of Owner or Beneficiary
6.02  Claims of Creditors
6.02  Conformity with Statutes
6.02  Contract
3.01  Definitions
7.01  Extended Provisions
3.02  Grace Period
6.02  Incontestability
7.01  Interest on Proceeds

Page
6.02  Misstatement of Age or Sex
6.01  Owner
7.01  Payment of Policy Benefits
3.01  Payment of Premiums
3.01  Premium Adjustment Provision
3.02  Premium Refund at Death
4.01  Re-Entry Privilege
3.02  Reinstatement
4.01  Renewal Privilege
6.02  Statements in Application
6.02  Suicide Exclusion

Additional Benefit Riders, Modification and Amendments, if any, and a Copy of the Application are found following the final section.

**Exhibit A**

## POLICY SPECIFICATIONS

| Age | | 65 | Insured | | DR JAMES A LOGAN |
|---|---|---|---|---|---|
| Sex | | MALE | Owner | | DR JAMES A LOGAN |
| Risk Classification | PREFERRED NON-SMOKER | | Date of Issue | | JULY 22, 1999 |
| Expiration Date of Initial Term | | JULY 22, 2000 | Policy Number | | TL0014603H |
| | | | Face Amount | | $200,000 |

| Form Numbers | Benefits - As Specified in Policy and in any Rider | | Annual Premium | Premium Period |
|---|---|---|---|---|
| 7000442 | Policy Plan: | Level Benefit Term Life Insurance Annually Renewable to Age 95 with Premium Adjustment Provision* | $2,216.00 | 1 Year |
| 7010442<br>7020442<br>7020542<br>7030342<br>7040342<br>7060342<br>7070242<br>7090542<br>7081042<br>7097800 | | Conversion Privilege Endorsement<br>Premium Guarantee Rider | | |
| | | Total Annual Premium | $2,216.00 | |

Total Premiums Payable at Annual Intervals      $2,216.00

\* Premiums after the first are shown in the Schedules of Premiums.

The due date of premiums after the first are measured from the Date of Issue and are at the intervals specified above.

7010442           1.01

**Exhibit A**

**We, Us and Our**     General Life Insurance Company.

**You and Your**     The owner of this policy. The owner may be someone other than the insured.

In the application the words "You" and "Your" refer to the proposed insured person(s).

**Insured**     The person whose life is insured under this policy as shown on the Policy Specifications page.

**Age**     The age of the insured as of his or her birthday nearest to the date of issue.

**Beneficiary**     The person named in the application or by later designation to receive the proceeds in the event of the insured's death.

**Date of Issue**     The date of issue is the effective date of the coverage under this policy. It is also the date from which policy anniversaries, policy years, and premium due dates are measured.

**Proceeds**     The amount payable as a result of the insured's death. This includes:

1. the face amount of the policy, plus
2. any amount payable under an attached rider, plus
3. any premium refund, minus
4. any premium due during the grace period.

**Maturity**     The date of death of the insured.

## 2. PREMIUMS AND GRACE PERIOD

**Payment of Premiums**     Your first premium is due as of the date of issue. While the insured is living, premiums after the first must be paid in advance at our Home Office or to an agent of ours upon delivery of a receipt signed by our President or Secretary. You may pay your premiums annually, semiannually, or at other intervals we may establish from time to time. This right is subject to our rates and minimum premium requirement at the date of issue. When the premium for any rider is no longer payable, the total premium will be reduced accordingly. A premium receipt will be furnished upon request.

If this policy is in your possession and you have not paid the first premium, it is not in force. It will be considered that you have the policy for inspection only.

**Premium Adjustment Provision**     We will determine the renewal premiums for this policy each year. We may change the current premium, as shown in the Schedule of Current Premiums, up or down when future expectations regarding such factors as investment earnings, mortality, persistency and expenses have changed. Any changes in premium will be made on a class basis without regard to the health or occupation of the insured. These premiums will not exceed those shown in the Schedule of Maximum Premiums nor will they be changed more than once per year. We will notify you of the premium before the start of each renewal year. Any premium change will be on a uniform basis for insureds of the same insuring age, sex, and risk classification whose policies have been in force for the same length of time. Any changes in the Schedule of Current Premiums will be endorsed onto this policy. Any premium change made on this policy will have no effect on any other riders attached to the policy. Such changes will be filed with the insurance supervisory official of the state which governs your policy.

7030342     3.01
(10/98)

**Grace Period**

Your premium is in default if you do not pay it on or before its due date.  We will allow a grace period of 31 days after the premium due date for payment of each premium except the first.  During this period no interest will be charged on the premium due, and the policy will remain in force.  If the insured dies during the grace period, the amount of any unpaid premium due through the date of death will be deducted from the proceeds of the policy.

If any premium remains unpaid after the grace period, this policy will cease and become void.

**Reinstatement**

Within five years after a default in premium payment, but no later than the policy anniversary nearest the insured's 95th birthday, you may apply for reinstatement if:

1.  You submit proof satisfactory to us that the insured is insurable by our standards; and
2.  You pay all overdue premiums with interest at 6% per year compounded annually to the date of reinstatement; and
3.  The insured is alive on the date we approve the request for reinstatement.  If the insured is not alive, such approval is void and of no effect.

Any application for reinstatement becomes part of the contract of reinstatement and of this policy.

Subject to the above requirements, the effective date of reinstatement will be the date we approve the request for reinstatement.  We will advise you of the reinstatement effective date.

**Premium Refund at Death**

Any part of a premium which pays the policy to a date beyond the insured's death will be refunded as part of the policy proceeds.  This provision does not apply to any premium waived by a waiver of premium benefit rider.

**Exhibit A**

## 3. RENEWAL PRIVILEGE

You may renew this policy without giving us proof that the insured is then insurable by our standards. However, you may not renew this policy beyond the policy anniversary nearest the 95th birthday of the insured. To renew the policy you must pay the proper premium shown on the Schedule of Current Premiums. The premium must not be paid later than 31 days after the end of each preceding term. Each renewal will be for a term of one year and will begin when the preceding term ends.

If your policy has a waiver of premium rider, and if the insured becomes disabled as defined in such rider, this Renewal Privilege will be applied automatically according to the provisions of such rider.

## 4. RE-ENTRY PRIVILEGE

At any time after the policy's 18th anniversary date but prior to the policy's 22nd anniversary date, you may apply for a new policy of a comparable plan as determined by us; subject to:

1. Proof of insurability acceptable to us; and

2. The insured's age not being greater than the maximum  issue age for this policy at the time of re-entry.

The request for a new policy must be made to us in writing prior to the desired issue date of the new policy. The issue date of the new policy will be the date of re-entry. The issue age will be the insured's age on the date of re-entry. We will determine the risk class and approve the amount of insurance based on the evidence of insurability provided. The premiums for the new policy will be based on:

1. The premium rates in effect on the issue date of the new policy; and

2. The insured's age on the issue date of the new policy.

7040342
(10/98)

4.01

**Exhibit A**

## 5. PERSONS WITH AN INTEREST IN THE POLICY

**Owner**      The owner is as shown in the application or in any supplemental agreement attached to this policy, unless later changed as provided in this policy. You, as owner, are entitled to all rights provided by this policy, prior to its maturity. Ownership may be changed in accordance with the Change of Owner or Beneficiary provision. After maturity, you cannot change the payee nor the mode of payment, unless otherwise provided in this policy. Any person whose rights of ownership depend upon some future event will not possess any present rights of ownership. If there is more than one owner at a given time, all must exercise the rights of ownership by joint action.

**Beneficiary**      The beneficiary to receive the proceeds in the event of the insured's death is as shown in the application or in any supplemental agreement attached to this policy, unless later changed as provided in the policy. You may change the beneficiary in accordance with the Change of Owner or Beneficiary provision. Unless otherwise stated, the beneficiary has no rights in this policy before the death of the insured. If there is more than one beneficiary at the death of the insured, each will receive equal payments, unless otherwise provided. Unless you provide otherwise, if a beneficiary dies prior to the insured's death, that beneficiary's share will be paid to the living beneficiaries of that class. The deceased beneficiary's share will be paid in the same proportion as the living beneficiaries' shares. If there are no beneficiaries living when the insured dies, or at the end of any Common Disaster period, the proceeds (commuted if required) will be payable to you, if you are living, or to your estate.

**Change of Owner**      During the lifetime of the insured you may change the ownership and beneficiary
**or Beneficiary**      designations. You must make the change in written form satisfactory to us. If acceptable to us, the change will take effect as of the time you signed the request, whether or not the insured is living when we receive your request at our Home Office. The change will be subject to any assignment of this policy or other legal restrictions. It will also be subject to any payment we made or action we took before we received your written notice of the change. We have the right to require the policy for endorsement before we accept the change.

      If you are also the beneficiary of the policy at the time of the insured's death, you may designate some other person to receive the proceeds of the policy within 60 days after the insured's death.

**Assignments**      We will not be bound by an assignment or transfer of the policy or of any interest in it unless:

1. The assignment or transfer is made by a written instrument,
2. You file the original instrument or a certified copy with us at our Home Office, and
3. We send you a receipt.

      We are not responsible for the validity of any transfer or assignment.

      If a claim is based on an assignment or a transfer, we may require proof of interest of the claimant. A valid assignment will take precedence over any claim of a beneficiary.

Exhibit A

## 6. THE CONTRACT

**The Contract**  We have issued this policy in consideration of the application and payment of premiums. The policy, the application for it, any riders or endorsements, copies of which are attached to and made a part of the policy, are the entire contract. A copy of any application for reinstatement will be sent to you for attachment to this policy and will become part of the contract of reinstatement and of this policy. The policy may be changed by mutual agreement. Our agents have no authority to alter or modify any terms, conditions, or agreements of this policy, or to waive any of its provisions.

**Conformity with Statutes**  If any provision in this policy is in conflict with the laws of the state which govern this policy, the provision will be deemed to be amended to conform with such laws. In addition, we reserve the right to change this policy if we determine that a change is necessary to cause this policy to comply with, or give you the benefit of, any federal or state statute, rule or regulation, including but not limited to requirements for life insurance contracts under the Internal Revenue Code, or its regulations or published rulings.

**Misstatement of Age or Sex**  If the age or the sex of the insured has been misstated on the application, any amount payable on the policy will be such as the premium paid would have purchased had the insured's age and sex been correctly stated.

**Statements in Application**  All statements made by the insured or on his or her behalf, or by the applicant, will be deemed representations and not warranties, except in the case of fraud.

**Incontestability**  We cannot contest this policy, except for nonpayment of premium, after it has been in force during the lifetime of the insured for a period of two years from the date of issue. We cannot contest any reinstatement of this policy, with regard to material misstatements made concerning such reinstatement, except for nonpayment of premium, after it has been in force during the lifetime of the insured for a period of two years from the date we approve the reinstatement. This provision will not apply to any rider which contains its own incontestability clause.

**Suicide Exclusion**  If the insured dies by suicide, while sane or insane, within two years from the issue date (or within the maximum period permitted by law of the state in which this policy was delivered, if less than two years), the amount payable will be limited to the amount of premiums paid.

If this policy is issued to a person who is a Missouri citizen at the time of issue, this provision does not apply unless we prove the insured intended suicide when this policy was applied for.

**Claims of Creditors**  To the extent permitted by law, neither the policy nor any payment under it will be subject to the claim of creditors or to any legal process.

**Exhibit A**

## 7. PAYMENT OF POLICY BENEFITS

**Payment**

A lump sum payment will be made as provided on the face page. Settlement will be made within 2 months after receipt of due proof of death.

**Interest on Proceeds**

We will pay interest on proceeds from the date of the insured's death to the date of payment. Interest will be at an annual rate determined by us, but never less than the guaranteed rate of 4.0%.

**Extended Provisions**

Provisions for settlement of proceeds different from a lump sum payment may only be made upon written agreement with us.

7.0

**Exhibit A**

**Endorsement**

## Issued by General Life Insurance Company

### Important! Please keep with your policy!

Your policy is hereby amended to add the following provision:

### CONVERSION PRIVILEGE

While this policy is in force, you may exchange this policy in its entirety for a new policy by making a written request prior to the policy anniversary nearest the insured's 80th birthday.
The new policy will be a level premium, level death benefit, single life or endowment policy offered by us at the date of issue of your new policy.

It will be subject to the following provisions:

1. The amount converted will not be greater than the face amount of this policy.

2. The amount will be subject to the regular company limits on the date of issue of the new policy for the chosen plan of insurance. If the amount to be converted is less than our regular issue limits we may substitute an alternate plan. Regardless of amount, some plan will always be made available.

You do not need to give proof that the insured is then insurable by our standards if the new policy contains no additional benefit rider not included in this policy which would increase the insurance risk.

Otherwise, the exchange may be made only if the insured is then insurable. We will use the same underwriting standards as we are then using on applications for new insurance when considering whether the insured is insurable.

The date of issue of the new policy will be the date of exchange. You must pay all premiums in accordance with the terms of the new policy. The premium rate for the new policy will be based on the age and sex of the insured and our rates on the date of exchange, and the risk classification of this policy.

7090542
(9/96)

**Exhibit A**

The time periods in the Suicide Exclusion and Incontestability provisions of the new policy will start with this policy's date of issue. If there is an increase in face amount, the time periods in the Suicide Exclusion and Incontestability provisions will apply only to the increased amount and will be measured from the new policy's date of issue.

If this policy has a waiver of premium rider as a part of it and the insured becomes disabled as defined in that rider, the rider provisions may not allow the conversion privilege of this policy to be exercised.

The date of issue and effective date of this endorsement and the policy are the same unless another effective date is shown below.

---------------------
EFFECTIVE DATE

William L. Hatton

**SECRETARY**

Michael E Conley

**PRESIDENT AND CEO**

**GENERAL LIFE INSURANCE COMPANY**
**Edwardsville, Illinois 62025**

7090542
(9/96)

**Exhibit A**

**Issued by General Life Insurance Company**

This rider is a part of the policy at issue and is subject to all applicable terms and provisions of the policy; except as modified herein.

**EXTENSION OF PREMIUM GUARANTEE**   We guarantee that the annual premium payable for the policy, not including any supplemental benefits, in policy years six through eighteen will never be more than the annual premium shown in the Schedule of Current Premiums if one of the following conditions is met:

1. The risk classification is "Non-Smoker" and the issue age is less than 65; or
2. The risk classification is "Smoker" and the issue age is less than 60.

The risk classification and issue age are shown on the Policy Specifications page. If neither of the above conditions are met, the annual premium will only be guaranteed for policy years six through fifteen. After the end of the guarantee period, the annual premium payable will never be greater than the annual premium shown in the Schedule of Maximum Premiums. Premiums for supplementary benefits, if any, are not included in this guarantee.

**REINSTATEMENT**   This rider may be reinstated if:

1. The Rider terminated due to the termination of the policy according to the terms of the policy's Grace Period provision;
2. The policy is being reinstated.

**TERMINATION**   This rider will terminate upon the earlier of:

1. The eighteenth policy anniversary if:
   a) The risk classification is "Non-Smoker" and the issue age is less than 65; or
   b) The risk classification is "Smoker" and the issue age is less than 60; or

2. The fifteenth policy anniversary if:
   a) The risk classification is "Non-Smoker" and the issue age is greater than or equal to 65; or
   b) The risk classification is "Smoker" and the issue age is greater than or equal to 60; or

3. The death of the insured; or

4. The termination of the policy.

The risk classification and issue age are shown on the Policy Specifications page.

The date of issue and effective date of this rider and the policy are the same.

William L. Hutton

Michael E Conley

**SECRETARY**                 **PRESIDENT AND CEO**
**GENERAL LIFE INSURANCE COMPANY**
**Edwardsville, Illinois 62025**

7081042                                                        (G-18)
(1/98)

Exhibit A

# NOTICE REGARDING REINSTATEMENT OF A LAPSED POLICY
## DUE TO THE MENTAL INCAPACITY OF THE INSURED

**General Life Insurance Company**
**95 North Research Drive**
**Edwardsville, IL 62025**

### KEEP THIS NOTICE WITH YOUR INSURANCE PAPERS
### IT MAY BE IMPORTANT TO YOU IN THE FUTURE

**ELIGIBILITY**

If your policy lapses, it may be eligible for reinstatement if all of the following conditions are met:

(1) The policy has been in force continuously for at least five years immediately prior to the date of lapse;

(2) All premiums have been paid in a timely manner during this period;

(3) The lapse results from an unintentional default in premium payments caused by the mental incapacity of the insured; and

(4) We receive a request for reinstatement and proof of the insured's mental incapacity within one year from the date of the lapse.

**PROOF AND REQUEST**

To establish proof of the insured's mental incapacity, we must be provided with a clinical diagnosis by a physician licensed in Texas and qualified to make the diagnosis. We will accept the proof and request for reinstatement from:

(1) you;

(2) the insured, if you are not the insured;

(3) the legal guardian of the insured;

(4) other legal representative of the insured; or

(5) the legal representative of the estate of the insured.

**MENTAL INCAPACITY**

Mental incapacity means lacking the ability, based on reasonable medical judgment, to understand and appreciate the nature and consequences of a decision regarding failure to pay a premium when due and the ability to reach an informed decision in the matter.

**REINSTATEMENT**

We will reinstate an eligible policy within a period of one year after the date of lapse. We will require payment of all unpaid premiums, plus interest (up to 6%), from the date of lapse to the date of reinstatement.

(1) Your policy will be treated as if it had been in force continuously since the lapse;

(2) The policy provisions will apply as if there had been no lapse; and

(3) You will be required to make any and all future premium payments required by the policy provisions to keep the policy in force.

7097800
(2/96)

**Exhibit A**

**REDUCED BENEFITS**

We will pay the death benefit under an eligible policy if the insured dies within one year from the date of lapse, provided that the requirements for submitting proof of mental incapacity and request for reinstatement are met. We may reduce the death benefit by any unpaid premiums due, plus interest (up to 6%) from the date of lapse to the date of death.

**EXCEPTIONS**

We are not required to reinstate the policy or pay the death benefit if the insured becomes mentally incapacitated after the grace period contained in the policy expires.

**DEFINITIONS**

You and Your - The owner of the policy.

We - General Life Insurance Company.

Lapse - The due date of the last premium that remains unpaid after the expiration of the grace period defined in the policy.

William L. Hutton

Michael E. Conley

**SECRETARY**

**PRESIDENT AND CEO**

**GENERAL LIFE INSURANCE COMPANY**
**Edwardsville, Illinois 62025**

7097800
(2/96)

## PART 1 OF APPLICATION FOR LIFE INSURANCE

## GENERAL LIFE INSURANCE COMPANY

1. **Name of Proposed Insured**   **Sex**   ☒ M ☐ F

Logan, James A
  (Last)        (First)         (MI)

2. **Birth Date  Age   Birthplace  Social Security #**
                Sand Flat
        65      TX      ▮ / ▮ / ▮

3. **Driver's License No.** ▮

4. **Mail Premium Notice to:** ☒ Residence
   ☐ Business ☐ Owner ☐ Other

5. **Residence Address and Phone**

   Street ▮

   City  Fort Worth

   State  TX          Zip Code 76135

   Phone ▮

6. **Present Occupation**

   Duties Contractor

   Name of Employer Contractor Service

7. **Business Address and Phone**

   Street ▮

   City  Haltom City

   State  TX           Zip Code 76117

   Phone ▮

8. **Applicant/Owner** (if not Proposed Insured)

   Full Name _____

   Address _____

   City _____

   State _____ Zip Code _____

   Relationship to Insured _____

   Social Security (or Taxpayer ID) _____

9. **Beneficiary Designation**
   (full name & relationship)

   Primary Vivian L. Logan

   Spouse                                    100

   Contingent _____

10. **Life Insurance Policies on your life.**
    (if none, state so.)

| Company | Year | Amount | ADB Amount |
|---|---|---|---|
| none | | | |
| | | | |
| | | | |

11. **Convenient time, place and phone # to reach Proposed Insured**

12. (a) **Annual Earned Income from Occupation:**
    $ ▮

   (b) **Total Amount Income from all Sources**
       (Including 12(a)): ▮

   (c) **Net Worth:** $ _____

7067742
(9/96)

13. **Amount of Insurance** 200,000

14. **Plan of Insurance** 18YR TERM

15. **Riders and Benefits**

   Type _____  Amount _____

   Type _____  Amount _____

   Type _____  Amount _____

   Option A ☐        Planned Premium

   Option B ☐        _____

16. **Premium Mode:**  ☐ ANN ☐ SA  ☒ P.A.C.

   ☐ Single Premium   ☐ Other _____

17. **Premium Paid with Application $** _____

18. (Provide Details Below)

|  |  | Yes | No |
|---|---|---|---|
| (a) Have you ever been declined, rated postponed or offered a policy different than that applied for? | | ☐ | ☒ |
| (b) Have any intention to travel or reside outside the United States? | | ☐ | ☒ |
| (c) Have you flown as a student pilot, pilot or crew member within the past 3 years or contemplate such flights in the future? **If "Yes," Complete Part IV.** | | ☐ | ☒ |
| (d) Have you ever had a traffic citation for driving while intoxicated or driving under the influence of intoxicants or drugs? | | ☐ | ☒ |
| (e) Have you within the past 3 years had a moving vehicle violation or a traffic accident? | | ☐ | ☒ |
| (f) Do you or do you intend to participate in: aeronautics, competitive racing, sky or underwater diving, mountain climbing, or any other similar avocation? **If "Yes," Complete Part IV.** | | ☐ | ☒ |
| (g) Are you currently applying for life insurance with any other company? | | ☐ | ☒ |
| (h) Will any existing insurance or annuity be changed or discontinued if the policy applied for is issued? | | ☐ | ☒ |
| (i) Have we done a personal interview or customer interview with you in the last 12 months? | | ☐ | ☒ |

GIVE COMPLETE DETAILS OF ANY PART OF
QUESTION 18 ANSWERED "YES"

See Part IV

**Exhibit A**

## PART II APPLICATION FOR INSURANCE - MEDICAL DECLARATION

1. Name, Address, and Phone of your Personal Physician.   If None, check ☐

[redacted]

10. Other than above, have you within the past 5 years:

| | Yes | No |
|---|---|---|
| (a) Had any psychiatric or psychological consultation not listed above or any physical disorder not listed above? | ☐ | ☒ |
| (b) Had a checkup, consultation, illness injury, surgery? | ☐ | ☒ |
| (c) Been a patient in a hospital, clinic, sanatorium or other medical facility? | ☐ | ☒ |
| (d) Had electrocardiogram, X-ray, other diagnostic test? | ☐ | ☒ |
| (e) Been advised to have any diagnostic test, hospitalization, treatment, or surgery which was not completed? | ☐ | ☒ |

2. Date, Reason, Treatment on Last Consultation
05/16/1999
Routine Physical/Results Normal

3. Are you now under observation or taking medication or treatment?   ☐ ☒

4. Do you have any doctor's visit or medical care scheduled?   ☐ ☒

5. Height 5 ft. 8 in. Weight 175 lbs.

6. Within the last ten years, from the date of this application, have you been treated for or had any known indication of:

| | Yes | No |
|---|---|---|
| (a) Dizziness, fainting, convulsions, epilepsy, headaches, speech defects, paralysis, mental or nervous disorders? | ☐ | ☒ |
| (b) Shortness of breath, bronchitis, asthma, emphysema, tuberculosis, pneumonia, or chronic respiratory disease? | ☐ | ☒ |
| (c) Chest pain, pulse irregularity, high blood pressure, rheumatic fever, heart murmur, heart attack, stroke, or other disorder of the heart, or circulatory system, anemia, or other disorder of the blood? | ☐ | ☒ |
| (d) Jaundice, intestinal bleeding, ulcer, colitis, diarrhea, diverticulitis, or other disorder of the stomach, intestines, liver or gallbladder? | ☐ | ☒ |
| (e) Kidney stone or other disease of kidney; venereal disease; disorder of the bladder, prostate, reproductive organs, or breasts; sugar, albumin, blood or pus in the urine? | ☐ | ☒ |
| (f) Diabetes; disorder of the thyroid or lymph glands, or other endocrine disorders? | ☐ | ☒ |
| (g) Arthritis, gout, collagen disease or other disorders of the muscles, or bones including spine, back or joints? | ☐ | ☒ |
| (h) Disorder of skin, cyst, tumor or cancer? | ☐ | ☒ |

7. Have you ever been diagnosed by a member of the medical profession as having AIDS or AIDS Related Complex?   ☐ ☒

8. Have you ever received treatment from a member of the medical profession for AIDS or AIDS Related Complex?   ☐ ☒

9. Have you ever attempted suicide or made a suicidal gesture?   ☐ ☒

11. (a) Have you used (once or more) or do you now use barbiturates, amphetamines, hallucinogenic drugs (including marijuana), cocaine, heroin, narcotics, or any similar substances or any prescription drug except in accordance with a physician's instruction?   ☐ ☒

(b) Have you ever received counseling, advice or treatment regarding the use of alcohol or drugs?   ☐ ☒

(c) Have you ever been a member of any self-help group such as Alcoholics Anonymous or Narcotics Anonymous?   ☐ ☒

12. Details/Explanations

| Question | Part | (proposed insured, dates, duration, medication, name and address of physicans) |
|---|---|---|
| | | See Part IV |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

7067742
(9/96)

Exhibit A

**PART III OF APPLICATION FOR LIFE INSURANCE**                                     TL0014603H

### 1. FAMILY HISTORY

| | Age if living or | At death | Cause of Death | Cancer History? | Heart Diseases or Circulatory Disorder? |
|---|---|---|---|---|---|
| Mother | | 75 | See Part IV | ☐ No ☒ Yes, since Age _70_ | ☒ No ☐ Yes, since Age ___ |
| Father | | 47 | See Part IV | ☒ No ☐ Yes, since Age ___ | ☒ No ☐ Yes, since Age ___ |
| Siblings | | 62 | See Part IV | ☐ No ☒ Yes, since Age _61_ | ☒ No ☐ Yes, since Age ___ |
| Siblings | | | | ☐ No ☐ Yes, since Age ___ | ☐ No ☐ Yes, since Age ___ |

### 2. PROPOSED INSURED

Mo./Year quit _____

Tobacco Use?  ☒ Never  ☐ Present  ☐ Former

# Years as a smoker _____

Check type  ☐ smokeless  ☐ cigar  ☐ cigarette  ☐ pipe

# Packs per day _____

### 3. HOME OFFICE ENDORSEMENT (Not applicable in Maryland)

---

**DECLARATIONS.** I agree that the statements and answers in this application are true and complete to the best of my knowledge and belief. I also agree that:

(a)  The statements and answers in this application, and any amendments to it, or made to the medical examiner will be the basis of any insurance issued and will be a part of any policy issued.

(b)  Knowledge of the agent or medical examiner will not be imputed to the Company unless stated in Part I, or any of its supplements; Part II, or medical reports received in the Home Office; Part III or Part IV. No printed provision of this application will be modified or waived except by an amendment signed by an officer at the Home Office. No agent or medical examiner has the authority to make or alter any contract for the Company.

(c)  If a premium payment is given in exchange for a Temporary Insurance Agreement (TIA), the Company will be liable only as set forth in that Agreement.

(d)  If a premium payment is not given at the same time as this application, then insurance will take effect when all of the following are satisfied: (1) a policy is approved by the Company for issue as applied for; (2) the full first premium is paid; and (3) the health and insurability of any person proposed for insurance have not changed since the date of this application.

(e)  If a policy is issued other than as applied for, coverage will take effect under the policy only when all of the following have been satisfied: (1) a policy issued by the Company is delivered to and accepted by me; (2) the full first premium is paid; and (3) the health and insurability of any person proposed for insurance have not changed since the date of this application.

(f)  The undersigned applicant and agent certify that the applicant has read, or had read to him or her the completed application and that he or she realized that any false statement or misrepresentation therein which is material to the risk may result in loss of coverage under the policy.

**Certification: Under penalties of perjury, I certify that:**

(1)  The number shown on this form is my correct Taxpayer Identification Number (or, if no number is shown, I am waiting for a number to be issued to me); and

(2)  I am not subject to backup withholding either because I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or the IRS has notified me that I am no longer subject to backup withholding.

**NOTE: You must cross out and initial #2 above if you have been notified by the IRS that you are currently subject to backup withholding because of under-reporting interest or dividends on your tax return.**

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Signed at _____  Date _____ , Year ____

(City, State)

_(Signature of Proposed Insured, Parent or Guardian if Proposed Insured under age 15)_

I certify that I have truly and accurately recorded on all parts of this application the information supplied by the applicant.

Signature of _____  ☐ Licensed Agent ☐ Witness

7067742
(9/96)

Signature of Applicant/Owner/Trustee
(if other than Proposed Insured)

**Exhibit A**

**GENERAL LIFE INSURANCE COMPANY**
EDWARDSVILLE, IL 62025

TL0014603H

**Part IV: Additional Details** (use for any explanation where space is insufficient)

| Part | Question no. | Details |
|------|--------------|---------|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

All statements and answers to the foregoing questions are, to the best of my knowledge and belief, complete and true. I agree (a) that they will form a part of my application; (b) that they will be subject to the terms of the agreement found in Part III; and (c) that they will become a part of any policy based on this application.

Dated at ___ PT WORTE TX ___
City and state

On ___ 28 Jun 95 ___
Month/day/year

(Signature of Proposed Insured - Parent or Guardian if Proposed Insured under age 15 )

Signature of Applicant/Owner/Trustee (if other than Proposed Insured)

Signature of     ☐ Licensed Agent     ☑ Witness

7067742
(9/96)

**Exhibit A**

**JUL 06 1999**

## AUTHORIZATION TO OBTAIN AND DISCLOSE INFORMATION          TL0014603H

I authorize General Life Insurance Company its agents, employees, reinsurers, insurance support organizations  and their representatives to obtain information about me to evaluate this application.  This information may be about: (a) age; (b) medical history, condition and care; (c) physical and mental health; (d) occupation; (e) income; (f) avocations;(g) driving record; (h) other personal characteristics; and (i) other insurance. It includes information about the use of alcohol, drugs and tobacco.

I authorize any physician, health care professional, hospital, clinic, medical facility, the Veterans Administration,  the MIB, Inc., employer, consumer reporting agency or other insurance company to release information about me to  General Life Insurance Company on receipt of this Authorization.  I also  authorize all said sources, except MIB, Inc., to give such records or knowledge to any agency or representative employed by General Life Insurance Company to collect  and transmit such information.  General Life Insurance Company or its representative(s) may also release this information about me  to its reinsurer,  to the MIB, Inc., or to another insurance company to whom I have applied or to whom a claim has been made.  No other release may be made except as allowed by law or as I further authorize.

This form is valid for 26 months from the date it is signed.  I have received the Notice of Information  Practices, which includes the Medical Information Bureau  and Fair Credit Reporting Act notices. I authorize General Life Insurance Company to obtain an investigative consumer report on me.

A photographic copy of this is as valid as the original.  I have the right to receive a copy of this if I ask for it.

6-28-99
**Date**

James A Logan
**Print Name of Proposed Insured**

X James A. Logan
**Signature of Proposed Insured**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Unless a legitimate business need exists or we are required  to do so by law, the information we get in this report, as well as any other information which we later acquire, will not be disclosed to anyone else without your consent.   You may request a copy of all information acquired by us and have a right to correct any personal information which  you feel is inaccurate.  We will, if required by law, give you a  more detailed notice of the types of personal information which we get in considering your application, as well as any additional rights you may have.

If you need any assistance, please feel free to contact your agent or us  at General Life Insurance Company, 95 North Research Drive, Edwardsville, IL 62025.

### CUSTOMER INTERVIEW PROGRAM

In connection with your Application for Insurance you may be receiving a telephone call from a person at our Home Office or another agency authorized to obtain some personal and financial information.  You can be  assured that your answers are strictly confidential and will be used only to assess your eligibility for insurance.   The interview normally takes from five to ten minutes and will be conducted at a time convenient to you.  In the event you  are not in when the interviewer calls, the interviewer will probably leave his/her name  and a telephone number so that you can return the call at no charge to you and supply the necessary information.

**7067742**
**(9/96)**

**Exhibit A**

**LEVEL BENEFIT TERM LIFE INSURANCE**
**ANNUALLY RENEWABLE TO AGE 95**
**WITH PREMIUM ADJUSTMENT PROVISION**

**Non-Participating**

**GENERAL LIFE INSURANCE COMPANY**
**Edwardsville, Illinois 62025**

7000442
(10/98)

(G-18)

**Exhibit A**

## STATEMENT OF POLICY COST AND BENEFIT INFORMATION

For Information Contact Your Agent      Or      The Home Office

RONALD R BUNCH
3716 BONNIE DRIVE
FORT WORTH TX 76116

GENERAL LIFE
INSURANCE COMPANY
95 N. RESEARCH DRIVE
EDWARDSVILLE, IL 62025

| Proposed Insured: | DR JAMES A LOGAN | | | |
|---|---|---|---|---|
| Age: | 65 | | Date of Issue: | JULY 22, 1999 |
| Policy Number: | TL0014603H | | Date Prepared: | JULY 22, 1999 |

| Plan and Additional Benefits: | Amount | Premium<br>If Paid<br>Annually | Years<br>Payable |
|---|---|---|---|
| Level Term Annually Renewable to Age 95 | | | |
| Current Premiums | $200,000 | 2,216.00 | Policy Year 1 |
| | | 2,216.00 | Policy Year 2 |
| | | 2,216.00 | Policy Year 3 |
| | | 2,216.00 | Policy Year 4 |
| | | 2,216.00 | Policy Year 5 |
| | | 2,216.00 | Policy Year 10 |
| | | 21,206.00 | Policy Year 20 |
| | | 2,216.00 | Age 65 |
| Maximum Premiums | $200,000 | 2,216.00 | Policy Year 1 |
| | | 2,216.00 | Policy Year 2 |
| | | 2,216.00 | Policy Year 3 |
| | | 2,216.00 | Policy Year 4 |
| | | 2,216.00 | Policy Year 5 |
| | | 2,216.00 | Policy Year 10 |
| | | 84,896.00 | Policy Year 20 |
| | | 2,216.00 | Age 65 |

**Exhibit A**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**GENAMERICA FINANCIAL CORPORATION
SERVING REGISTERED AGENT THE CORPORATION TRUST COMPANY
1209 N ORANGE STREET
WILMINGTON DELAWARE 19801**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIVIAN LOGAN**

Filed in said Court **14th day of July, 2020** against

**METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, GENAMERICA FINANCIAL CORPORATION, METROPOLITAN TOWER LIFE INSURANCE COMPANY, GENERAL AMERICAN LIFE INSURANCE COMPANY, GENERAL LIFE INSURANCE COMPANY AND GENERAL LIFE INSURANCE COMPANY OF AMERICA**

For Suit, said suit being numbered **DC-20-09553**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
       DANIEL MACIAS



---

**CERT MAIL**

**CITATION**

**DC-20-09553**

**VIVIAN LOGAN
vs. METLIFE, INC. et al**

ISSUED THIS
**15th day of July, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
STEPHEN F MALOUF
6688 N CENTRAL EXPY STE 1050
DALLAS TX 75206
214-969-7373
**maloufs@smalouf.com**

**.DALLAS COUNTY
SERVICE FEES PAID**

## OFFICER'S RETURN

Case No. : DC-20-09553

Court No.116th District Court

Style: VIVIAN LOGAN

 vs. METLIFE, INC. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____at _____o'clock _____.M. on the _____day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|                      |              |                              |        |
|----------------------|--------------|------------------------------|--------|
| For serving Citation | $_____    | _____ |        |
| For mileage          | $_____    | of_____County, _____ |   |
| For Notary           | $_____    | By_____ | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**GENERAL AMERICAN LIFE INSURANCE COMPANY**
**SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**5601 SOUTH 59TH STREET**
**LINCOLN NEBRASKA 68516**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIVIAN LOGAN**

Filed in said Court  **14th day of July, 2020** against

**METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, GENAMERICA**
**FINANCIAL CORPORATION, METROPOLITAN TOWER LIFE INSURANCE COMPANY,**
**GENERAL AMERICAN LIFE INSURANCE COMPANY, GENERAL LIFE INSURANCE**
**COMPANY AND GENERAL LIFE INSURANCE COMPANY OF AMERICA**

For Suit, said suit being numbered **DC-20-09553,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which
accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
DANIEL MACIAS



---

**CERT MAIL**

**CITATION**

**DC-20-09553**

**VIVIAN LOGAN**
**vs. METLIFE, INC. et al**

ISSUED THIS
**15th day of July, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
STEPHEN F MALOUF
6688 N CENTRAL EXPY STE 1050
DALLAS TX  75206
214-969-7373
**maloufs@smalouf.com**

**·DALLAS COUNTY**
**SERVICE FEES PAID**

# OFFICER'S RETURN

Case No. :  DC-20-09553

Court No.116th District Court

Style: VIVIAN LOGAN

 vs. METLIFE, INC. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**GENERAL LIFE INSURANCE COMPANY OF AMERICA**
**SERVING REGISTERED AGENT ROBERT E JACKSON**
**12222 MERIT DRIVE STE 1260 LB 36**
**DALLAS TEXAS 75251**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIVIAN LOGAN**

Filed in said Court  **14th day of July, 2020** against

**METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, GENAMERICA FINANCIAL CORPORATION, METROPOLITAN TOWER LIFE INSURANCE COMPANY, GENERAL AMERICAN LIFE INSURANCE COMPANY, GENERAL LIFE INSURANCE COMPANY AND GENERAL LIFE INSURANCE COMPANY OF AMERICA**

For Suit, said suit being numbered **DC-20-09553,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
      DANIEL MACIAS



---

**CERT MAIL**

**CITATION**

---

**DC-20-09553**

---

**VIVIAN LOGAN**
**vs. METLIFE, INC. et al**

**ISSUED THIS**
**15th day of July, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DANIEL MACIAS, Deputy

---

**Attorney for Plaintiff**
STEPHEN F MALOUF
6688 N CENTRAL EXPY STE 1050
DALLAS TX  75206
214-969-7373
**maloufs@smalouf.com**

**.DALLAS COUNTY**
**SERVICE FEES PAID**

# OFFICER'S RETURN

Case No. : DC-20-09553

Court No.116th District Court

Style: VIVIAN LOGAN

  vs. METLIFE, INC. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____.

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**GENERAL LIFE INSURANCE COMPANY**
**SERVING REGISTERED AGENT ROBERT E JACKSON**
**12222 MERIT DRIVE STE 1260 LB 36**
**DALLAS TEXAS 75251**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIVIAN LOGAN**

Filed in said Court **14th day of July, 2020** against

**METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, GENAMERICA FINANCIAL CORPORATION, METROPOLITAN TOWER LIFE INSURANCE COMPANY, GENERAL AMERICAN LIFE INSURANCE COMPANY, GENERAL LIFE INSURANCE COMPANY AND GENERAL LIFE INSURANCE COMPANY OF AMERICA**

For Suit, said suit being numbered <u>**DC-20-09553,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
DANIEL MACIAS



---

**CERT MAIL**

**CITATION**

**DC-20-09553**

**VIVIAN LOGAN**
**vs. METLIFE, INC. et al**

ISSUED THIS
**15th day of July, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
STEPHEN F MALOUF
6688 N CENTRAL EXPY STE 1050
DALLAS TX  75206
214-969-7373
**maloufs@smalouf.com**

·**DALLAS COUNTY**
**SERVICE FEES PAID**

# OFFICER'S RETURN

Case No. :  DC-20-09553

Court No.116th District Court

Style: VIVIAN LOGAN

vs. METLIFE, INC. et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
    **METLIFE, INC.**
    **SERVING REGISTERED AGENT THE CORPORATION TRUST COMPANY**
    **1209 N ORANGE STREET**
    **WILMINGTON DELAWARE  19801**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIVIAN LOGAN**

Filed in said Court  **14th day of July, 2020** against

**METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, GENAMERICA
FINANCIAL CORPORATION, METROPOLITAN TOWER LIFE INSURANCE COMPANY,
GENERAL AMERICAN LIFE INSURANCE COMPANY, GENERAL LIFE INSURANCE
COMPANY AND GENERAL LIFE INSURANCE COMPANY OF AMERICA**

For Suit, said suit being numbered **DC-20-09553,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which
accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

    By_____, Deputy
        DANIEL MACIAS



---

| CERT MAIL |
| --- |
| **CITATION** |

**DC-20-09553**

**VIVIAN LOGAN
vs. METLIFE, INC. et al**

ISSUED THIS
**15th day of July, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
STEPHEN F MALOUF
6688 N CENTRAL EXPY STE 1050
DALLAS TX  75206
214-969-7373
**maloufs@smalouf.com**

**·DALLAS COUNTY
SERVICE FEES PAID**

# OFFICER'S RETURN

Case No. :  DC-20-09553

Court No.116th District Court

Style: VIVIAN LOGAN

 vs. METLIFE, INC. et al

Came to hand on the _____ day of _____ , 20 _____ , at _____ o'clock _____ .M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____ ,

20 _____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____ , 20 _____ ,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

**METROPOLITAN LIFE INSURANCE COMPANY**
**SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**28 LIBERTY ST**
**NEW YORK NEW YORK 10005**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIVIAN LOGAN**

Filed in said Court **14th day of July, 2020** against

**METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, GENAMERICA FINANCIAL CORPORATION, METROPOLITAN TOWER LIFE INSURANCE COMPANY, GENERAL AMERICAN LIFE INSURANCE COMPANY, GENERAL LIFE INSURANCE COMPANY AND GENERAL LIFE INSURANCE COMPANY OF AMERICA**

For Suit, said suit being numbered **DC-20-09553,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
          DANIEL MACIAS



---

**CERT MAIL**

**CITATION**

**DC-20-09553**

**VIVIAN LOGAN**
**vs. METLIFE, INC. et al**

**ISSUED THIS**
**15th day of July, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
STEPHEN F MALOUF
6688 N CENTRAL EXPY STE 1050
DALLAS TX 75206
214-969-7373
maloufs@smalouf.com

**DALLAS COUNTY**
**SERVICE FEES PAID**

## OFFICER'S RETURN

Case No. :  DC-20-09553

Court No.116th District Court

Style: VIVIAN LOGAN

 vs. METLIFE, INC. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
**METROPOLITAN TOWER LIFE INSURANCE COMPANY**
**SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**5601 SOUTH 59TH STREET**
**LINCOLN NEBRASKA 68516**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIVIAN LOGAN**

Filed in said Court **14th day of July, 2020** against

**METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, GENAMERICA FINANCIAL CORPORATION, METROPOLITAN TOWER LIFE INSURANCE COMPANY, GENERAL AMERICAN LIFE INSURANCE COMPANY, GENERAL LIFE INSURANCE COMPANY AND GENERAL LIFE INSURANCE COMPANY OF AMERICA**

For Suit, said suit being numbered **DC-20-09553,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    DANIEL MACIAS



---

**CERT MAIL**

**CITATION**

**DC-20-09553**

**VIVIAN LOGAN**
**vs. METLIFE, INC. et al**

**ISSUED THIS**
**15th day of July, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
STEPHEN F MALOUF
6688 N CENTRAL EXPY STE 1050
DALLAS TX  75206
214-969-7373
**maloufs@smalouf.com**

**.DALLAS COUNTY**
**SERVICE FEES PAID**

# OFFICER'S RETURN

Case No. : DC-20-09553

Court No.116th District Court

Style: VIVIAN LOGAN

 vs. METLIFE, INC. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-20-09553

VIVIAN LOGAN

vs. METLIFE, INC. et al

116th District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: PLAINTIFF: VIVIAN LOGAN

FEE PAID: $40.00

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

FILED

20 JUL 27 AM 11: 00

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
_____ DEPUTY

To:

**GENERAL AMERICAN LIFE INSURANCE COMPANY**
**SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**5601 SOUTH 59TH STREET**
**LINCOLN NEBRASKA 68516**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIVIAN LOGAN**

Filed in said Court  **14th day of July, 2020** against

**METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, GENAMERICA FINANCIAL CORPORATION, METROPOLITAN TOWER LIFE INSURANCE COMPANY, GENERAL AMERICAN LIFE INSURANCE COMPANY, GENERAL LIFE INSURANCE COMPANY AND GENERAL LIFE INSURANCE COMPANY OF AMERICA**

For Suit, said suit being numbered **DC-20-09553,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
     DANIEL MACIAS



**CERT MAIL**

**CITATION**

**DC-20-09553**

**VIVIAN LOGAN**
**vs. METLIFE, INC. et al**

ISSUED THIS
**15th day of July, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
STEPHEN F MALOUF
6688 N CENTRAL EXPY STE 1050
DALLAS TX  75206
214-969-7373
**maloufs@smalouf.com**

**DALLAS COUNTY**
**SERVICE FEES PAID**

## OFFICER'S RETURN

Case No. : DC-20-09553

Court No.116th District Court

Style: VIVIAN LOGAN

vs. METLIFE, INC. et al

Came to hand on the _15 th_ day of _July_, 20 _20_, at _4:00_ o'clock _P_ .M. Executed at _Lincoln, Ne  68516-2306_  _5601 S 59th St_

within the County of _____ at _10:05_ o'clock _A_ .M. on the _24 th_ day of _July_

20 _20_, by delivering to the within named _General American Life Insurance Company  by serving_

_it's registered agent  CT corporation system by US certified mail_

_return receipt received and signed by Josh Holbrook_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $ _76_ | _Josh Holbrook_ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

_____

Notary Public_____County _____


**UNITED STATES**
**POSTAL SERVICE**

July 24, 2020

Dear MAIL MAIL:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 0661 5400 0152 6483 16**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | July 24, 2020, 10:05 am |
| **Location:** | LINCOLN, NE 68516 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | GENERAL AMERICAN LIFE INSURANCE COMPANY |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Reference ID: 921489010661540001526483 16
DC-20-09553//DM
GENERAL AMERICAN LIFE INSURANCE COMPANY
SERVING REGISTERED AGENT CT CORPORATION SYSTEM
5601 S 59th St
Lincoln, NE  68516-2306

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

FILED

20 JUL 27  AM 11:08

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS

_____ DEPUTY

To:

**METROPOLITAN TOWER LIFE INSURANCE COMPANY**
**SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**5601 SOUTH 59TH STREET**
**LINCOLN NEBRASKA 68516**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIVIAN LOGAN**

Filed in said Court  **14th day of July, 2020** against

**METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, GENAMERICA**
**FINANCIAL CORPORATION, METROPOLITAN TOWER LIFE INSURANCE COMPANY,**
**GENERAL AMERICAN LIFE INSURANCE COMPANY, GENERAL LIFE INSURANCE**
**COMPANY AND GENERAL LIFE INSURANCE COMPANY OF AMERICA**

For Suit, said suit being numbered **DC-20-09553,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which
accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
       DANIEL MACIAS



| CERT MAIL |
| :---: |
| **CITATION** |
| **DC-20-09553** |
| **VIVIAN LOGAN**<br>**vs. METLIFE, INC. et al** |
| ISSUED THIS<br>**15th day of July, 2020** |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas |
| By:  DANIEL MACIAS, Deputy |
| **Attorney for Plaintiff**<br>STEPHEN F MALOUF<br>6688 N CENTRAL EXPY STE 1050<br>DALLAS TX  75206<br>214-969-7373<br>maloufs@smalouf.com |
| **DALLAS COUNTY**<br>**SERVICE FEES PAID** |

## OFFICER'S RETURN

Case No. : DC-20-09553

Court No.116th District Court

Style: VIVIAN LOGAN

vs. METLIFE, INC. et al

Came to hand on the _____15th_____ day of _____July_____, 20 _20_, at _4:05_ o'clock _P_ .M. Executed at _5601 South 57th street Lincoln Nebraska 68516_

within the County of _____ at _10:05_ o'clock _A_ .M. on the _24th_ day of _____July_____

20_____20_____, by delivering to the within named _Metropolitan Tower Life Insurance Company by serving its registered agent Isaac CT corporation system by US certified mail return receipt received and signed by Josh Holbrook_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ _76_ | _Josh Holbrook_ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____, 20_____,

to certify which witness my hand and seal of office.

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

Notary Public_____County_____



**UNITED STATES**
**POSTAL SERVICE**

July 24, 2020

Dear MAIL MAIL:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 0661 5400 0152 6483 85**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | July 24, 2020, 10:05 am |
| **Location:** | LINCOLN, NE 68516 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | METROPOLITAN TOWER LIFE INSURANCE COMPANY |

| Recipient Signature | |
|---|---|
| Signature of Recipient: | |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Reference ID: 9214890106615400152648385
DC-20-09553//DM
METROPOLITAN TOWER LIFE INSURANCE COMPANY
SERVING REGISTERED AGENT CT CORPORATION SYSTEM
5601 S 59th St
Lincoln, NE  68516-2306

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**GENAMERICA FINANCIAL CORPORATION**
**SERVING REGISTERED AGENT THE CORPORATION TRUST COMPANY**
**1209 N ORANGE STREET**
**WILMINGTON DELAWARE 19801**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIVIAN LOGAN**

Filed in said Court **14th day of July, 2020** against

**METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, GENAMERICA FINANCIAL CORPORATION, METROPOLITAN TOWER LIFE INSURANCE COMPANY, GENERAL AMERICAN LIFE INSURANCE COMPANY, GENERAL LIFE INSURANCE COMPANY AND GENERAL LIFE INSURANCE COMPANY OF AMERICA**

For Suit, said suit being numbered <u>**DC-20-09553,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
   DANIEL MACIAS



---

**CERT MAIL**

**CITATION**

**DC-20-09553**

---

**VIVIAN LOGAN**
**vs. METLIFE, INC. et al**

**ISSUED THIS**
**15th day of July, 2020**

**FELICIA PITRE**
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
STEPHEN F MALOUF
6688 N CENTRAL EXPY STE 1050
DALLAS TX 75206
214-969-7373
maloufs@smalouf.com

**·DALLAS COUNTY**
**SERVICE FEES PAID**

FILED

2020 AUG -6  AM 7:59

FELICIA PITRE
DISTRICT CLERK
DALLAS CO, TEXAS
RETURN

## OFFICER'S RETURN

Case No. : DC-20-09553

Court No.116th District Court

Style: VIVIAN LOGAN

vs. METLIFE, INC. et al

Came to hand on the ~~11/6th~~ day of _July_ , 20 _20_ , at _8 44_ o'clock _A_ .M. Executed at _1209 N Orange St_ within the County of _Wilmington DE_ at _600_ o'clock _A_ .M. on the _4th_ day of _Aug_

20 _20_ , by delivering to the within named _GenAmerica Financial Corporation serving registered agent The Corporation Trust Company by US certified mail Return Receipt Received and signed by_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ _76.00_ | _Sign: A. Nyguin_ |
| For mileage | $ _____ | of _____ County, |
| For Notary | $ _____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20 _____

to certify which witness my hand and seal of office.

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

Notary Public _____ County _____

 **UNITED STATES POSTAL SERVICE**

August 4, 2020

Dear MAIL MAIL:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 0661 5400 0152 6484 22.**

| Item Details | |
|---|---|
| **Status:** | Delivered |
| **Status Date / Time:** | August 4, 2020, 6:22 am |
| **Location:** | WILMINGTON, DE 19801 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | GENAMERICA FINANCIAL CORPORATION |

| Recipient Signature | |
|---|---|
| Signature of Recipient: | *[signature]* |
| Address of Recipient: | *[handwritten]* |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 921489010661540001522648422
DC-20-09553//DM
GENAMERICA FINANCIAL CORPORATION
SERVING REGISTERED AGENT THE CORPORATION TRUST
COMPANY
1209 N Orange St
Wilmington, DE  19801-1120

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

CERT MAIL

**CITATION**

DC-20-09553

To:

**METLIFE, INC.**
**SERVING REGISTERED AGENT THE CORPORATION TRUST COMPANY**
**1209 N ORANGE STREET**
**WILMINGTON DELAWARE  19801**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VIVIAN LOGAN**

Filed in said Court  **14th day of July, 2020** against

**METLIFE, INC., METROPOLITAN LIFE INSURANCE COMPANY, GENAMERICA FINANCIAL CORPORATION, METROPOLITAN TOWER LIFE INSURANCE COMPANY, GENERAL AMERICAN LIFE INSURANCE COMPANY, GENERAL LIFE INSURANCE COMPANY AND GENERAL LIFE INSURANCE COMPANY OF AMERICA**

For Suit, said suit being numbered <u>**DC-20-09553,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of July, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
    DANIEL MACIAS

**VIVIAN LOGAN**
vs. METLIFE, INC. et al

ISSUED THIS
**15th day of July, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
STEPHEN F MALOUF
6688 N CENTRAL EXPY STE 1050
DALLAS TX  75206
214-969-7373
maloufs@smalouf.com

**DALLAS COUNTY**
**SERVICE FEES PAID**



FILED

2020 AUG -6 AM 7:59

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS

**OFFICER'S RETURN**

Case No. : DC-20-09553

Court No. 116th District Court

Style: VIVIAN LOGAN

vs. METLIFE, INC. et al

Came to hand on the _11oth_ day of _Jul_, 20 _20_, at _844_ o'clock _A_ .M. Executed at _1209 n. orange St._ within the County of _Wilmington DE_ at _600_ o'clock _A_ .M. on the _4th_ day of _Aug_ 20 _20_, by delivering to the within named _Metlife Inc serving Registered agent The Corporation Trust Company by us Certified mail Return Receipt recorded and signed by_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation   $ _70.00_        _Sign. A. Nunn_

For mileage            $ _____         of _____ County

For Notary             $ _____         By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

**FELICIA PITRE**
**DISTRICT CLERK**
**600 COMMERCE STREET**
**DALLAS, TEXAS 75202-4606**

Notary Public _____ County _____


UNITED STATES
POSTAL SERVICE

August 4, 2020

Dear MAIL MAIL:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 0661 5400 0152 6486 20**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered |
| **Status Date / Time:** | August 4, 2020, 6:22 am |
| **Location:** | WILMINGTON, DE 19801 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | METLIFE  INC |

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000152648620
DC-20-09553//DM
METLIFE, INC.
SERVING REGISTERED AGENT THE CORPORATION TRUST
COMPANY
1209 N Orange St
Wilmington, DE  19801-1120